IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| MARIA CAZORLA,<br>Plaintiff,<br><br>VS.<br><br>KOCH FOODS OF MISSISSIPPI, LLC and<br>JESSIE ICKOM,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civ. Action No. 3:10CV135DPJ-FKB |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PRELIMINARY STATEMENT

1. Plaintiff Maria Cazorla is a Latina worker who was subjected to an ongoing scheme and intentional acts of severe workplace discrimination in the de-bone facility of Defendant Koch Foods' chicken slaughter plant in Morton, Mississippi.

2. When Ms. Cazorla complained to Koch Foods management about the discrimination and severe abuse to which she and other Latino employees were subjected in the workplace, Defendants failed to take corrective measures and instead retaliated against her.

3. Ms. Cazorla seeks redress for Defendants' discriminatory acts and negligence under 42 U.S.C. § 1981 and Mississippi law.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

5. This Court has supplemental jurisdiction over Ms. Cazorla's causes of action based on state law pursuant to 28 U.S.C. § 1327 because these claims are so related to the federal claims that they form part of the same case or controversy.

6.       Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

7.       Ms. Cazorla is a female Latina who was employed by Defendant Koch Foods from 2003 to 2006 and from approximately May 2007 to October 2007.

8.       Defendant Koch Foods of Mississippi LLC (hereinafter "Defendant Koch Foods") is a limited liability company organized under the laws of Mississippi that has its principal place of business in Scott County, Mississippi.

9.       Defendant Jessie Ickom (hereinafter "Defendant Ickom") is a natural person who, based on information and belief, resides in Scott County, Mississippi. Defendant Ickom was employed as a supervisor by Defendant Koch Foods from approximately 2003 until 2008.

## STATEMENT OF FACTS

10.     Ms. Cazorla was employed by Defendant Koch Foods as a production employee in the thigh processing area of the de-bone facility in the chicken slaughter plant of Defendant Koch Foods in Morton, Mississippi (hereinafter "de-bone facility") from 2003 to 2006 and from approximately May 2007 through October 2007.

11.     Defendant Koch Foods employed Defendant Ickom to supervise thigh processing employees in the de-bone facility from 2003 to 2008.

12.     Defendant Ickom directly supervised Ms. Cazorla while she worked in the thigh processing area in the de-bone facility between 2003 and 2007.

13.     At all times relevant to this action Defendant Koch Foods delegated to Defendant Ickom the authority to discipline, reassign, grant or deny requests for leave, and

terminate or recommend termination of all employees under his supervision, including Ms. Cazorla.

14. On multiple occasions between 2004 and 2007, Ms. Cazorla requested that Defendant Ickom grant her personal leave, medical leave, and break time to which she was entitled. Defendant Ickom demanded payments from Ms. Cazorla in return for approving her leave or break requests and threatened to sanction or fire her if she took leave without paying him these bribes. When Ms. Cazorla told Defendant Ickom that she did not have cash on hand to pay him, Defendant Ickom used physical intimidation and threats of firing to refuse to allow her to take leave to which she was entitled.

15. On multiple occasions between 2004 and 2007, Defendant Ickom made offensive and derogatory remarks about Ms. Cazorla's race, indicating, for example, that she had no rights because she was a Latino immigrant.

16. In or about May 2007, Ms. Cazorla requested permission from Defendant Ickom to transfer from hourly work to a more desirable piece-rate position in the thigh processing area. Defendant Ickom refused to approve her transfer until she paid him money.

17. Ms. Cazorla was qualified for the piece-rate position.

18. Defendant Ickom did not demand payments from African-American or White employees in exchange for approving personal leave, medical leave, or break time.

19. Defendant Ickom did not demand payments from African-American or White employees in exchange for approving requests for job transfers or reassignments.

20. Ms. Cazorla witnessed Defendant Ickom physically assault and harass Latino employees whom he supervised. For example, she witnessed Defendant Ickom physically drag back to the production line Latino employees whom he supervised and who attempted to leave the plant without paying the bribe he demanded.

21. Defendant Ickom's demands for payments, threats, and intimidation of Ms. Cazorla and Latino employees constituted a pattern of ongoing hostile, harassing, and abusive conduct towards her on the basis of her race.

22. The harassment to which Defendant Ickom subjected Ms. Cazorla on account of her race was sufficiently pervasive to constitute a hostile, offensive, and intimidating work environment.

23. Defendant Koch Foods knew of Defendant Ickom's unlawful conduct towards Ms. Cazorla and other Latino employees and failed to take corrective action.

24. Ms. Cazorla opposed Defendant Ickom's harassing and discriminatory conduct towards her and other Latino employees by reporting it to management of Defendant Koch Foods.

25. When Ms. Cazorla opposed Defendant Ickom's discriminatory treatment, abuse, and harassment of her and other Latino employees by telling him that she planned to report his conduct to other managers and by refusing to make payments to him, Defendant Ickom responded by making derogatory comments about her race or ethnicity.

26. On multiple occasions in early 2006 and throughout her employment with Defendant Koch Foods in 2007, Ms. Cazorla complained to de-bone facility manager Sue Kelly about Defendant Ickom's demands that she and other Latino

employees pay him in exchange for granting leave or break time and Defendant Ickom's abusive and harassing conduct towards her and other Latino employees.

27. In July 2007, Ms. Cazorla complained on multiple occasions to managers in the personnel department of Defendant Koch Foods about Defendant Ickom. For example, on or about July 3, 2007, Ms. Cazorla filled out a written complaint form in the Personnel Department regarding Defendant Ickom. On or about July 13, 2007, she complained in person to plant manager David LeBlanc about Defendant Ickom's discriminatory and abusive treatment of Latino employees.

28. On or about September 2007, Ms. Cazorla complained to an assistant manager in the de-bone facility, whose name on information and belief is "Eric," regarding Defendant Ickom's abuses and discriminatory mistreatment of her and other Latino employees. In response, "Eric" asked Ms. Cazorla about her immigration status and demanded to see proof of her lawful immigration status. When Ms. Cazorla presented proof of her lawful status to "Eric," he suggested that her papers were not valid and asked her where she had gotten them.

29. In or about late September or early October 2007, in the presence of Defendant Ickom, Ms. Cazorla complained to manager Sue Kelly about Defendant Ickom's abuse and mistreatment of her and other Latino employees. Ms. Cazorla showed Defendant Ickom and Sue Kelly a document demonstrating her lawful status. Sue Kelly and Defendant Ickom mocked the document that Ms. Cazorla showed them, indicating that they did not believe it was authentic, and told Ms. Cazorla that she could throw that document in the trash.

30. Sue Kelly told Ms. Cazorla that she could continue in her employment with Defendant Koch Foods only if she accepted a transfer away from the thigh processing area, where she was paid on a piece-rate basis, to a lower-paid hourly position assembling boxes, did not speak to other employees, and did not take breaks at the same time as other employees.

31. Managers at Defendant Koch Foods do not request that African-American or White employees present proof of citizenship or lawful immigration status in order to make a personnel complaint.

32. Managers at Defendant Koch Foods do not publicly question the validity of the citizenship documentation of White or African-American employees.

33. Throughout the summer and fall of 2007, Defendant Ickom became increasingly enraged at Ms. Cazorla because of her opposition to his unlawful and discriminatory treatment of her and other Latino employees under his supervision.

34. As a result of her opposition to his discriminatory conduct, Defendant Ickom became increasingly hostile and physically threatening and took other adverse employment actions against Ms. Cazorla.

35. For example, Defendant Ickom regularly approached Ms. Cazorla from behind as she worked on the cutting line and pressed his body against her in a threatening manner and berated, mocked, and threatened her in front of other employees. Defendant Ickom also reassigned Ms. Cazorla to the least desirable spots on the thigh cutting line.

36. On or about August 2007, Defendant Ickom told other Latino employees under his supervision in the presence of Ms. Cazorla that any effort to report his abusive

conduct to management of Defendant Koch Foods would be futile. Defendant Ickom stated mockingly that even Ms. Cazorla with her citizenship papers had not had any success in convincing his supervisors to stop his mistreatment.

37. Ms. Cazorla reasonably felt physically unsafe in the de-bone facility because she had angered Defendant Ickom and because management at Defendant Koch Foods offered her no protection from Defendant Ickom.

38. As a result of Defendant Ickom's ongoing harassment and abuse of Ms. Cazorla, his retaliatory threats towards her when she opposed his unlawful conduct, and the refusal of Defendant Koch Foods management to protect her from Defendant Ickom, she reasonably felt compelled to resign from her employment at Defendant Koch Foods on or about October 9, 2007.

39. In July 2009, Ms. Cazorla applied for employment at the chicken processing plant of Defendant Koch Foods in Forest, Mississippi. Defendant Koch Foods denied her application for employment.

40. The grounds that Defendant Koch Foods offered for its denial of Ms. Cazorla's employment application were that its records demonstrated that she had suffered a work-related injury during her previous employment at its Morton plant that would preclude her from carrying out the job duties in the position for which she was applying at the Forest plant.

41. These stated grounds for the denial by Defendant Koch Foods of Ms. Cazorla's 2009 employment application were false and pretextual. Defendant Koch Foods denied Ms. Cazorla's July 2009 employment application in retaliation for her opposition to Defendant Koch Foods and Defendant Ickom's unlawful and

discriminatory employment practices during her employment with Defendant Koch Foods at its Morton plant in 2007.

## CLAIMS FOR RELIEF

### Section 1981, 42 U.S.C. § 1981
### (Against Defendants Koch Foods and Jesse Ickom)

42. Ms. Cazorla brings this claim pursuant to 42 U.S.C. § 1981 against both Defendants.

43. Paragraphs 4 through 41 are re-incorporated and re-alleged by reference as if fully set forth herein.

44. The unwelcome harassment and abuse to which Defendant Ickom subjected Ms. Cazorla on account of her race was sufficiently pervasive to constitute a hostile, offensive, and intimidating work environment.

45. Ms. Cazorla reasonably perceived her work environment to be hostile, abusive, and discriminatory on the basis of her race.

46. As set forth in Paragraphs 4 through 41, Defendants Koch Foods and Ickom violated Ms. Cazorla's rights by maintaining an objectively hostile and abusive work environment on account of her race.

47. Defendant Ickom's demands in his supervisory capacity that Ms. Cazorla pay him in exchange for transfer to job positions for which she was qualified constituted adverse employment actions against her by Defendants Ickom and Koch Foods on account of her race.

48. As described in Paragraphs 4 through 41, Ms. Cazorla opposed Defendants Koch Foods and Ickom's discriminatory deprivation of the rights of Latino employees to enjoy the same contract-based rights enjoyed by non-Latino, African-

American, and White employees of Defendant Koch Foods by, *inter alia*, reporting and complaining about this discrimination to Defendant Ickom and to other supervisory employees of Defendant Koch Foods.

49. As described in Paragraphs 4 through 41, as a result of Ms. Cazorla's opposition Defendants' discriminatory deprivation of her right to enjoy the same contract-based rights enjoyed by non-Latino, African-American, and White employees of Defendant Koch Foods, Defendants retaliated against her with increased intimidation, undesirable job reassignments, a demotion, and a refusal to re-hire her.

50. Defendants' retaliatory conduct deprived Ms. Cazorla of her right under 42 U.S.C. § 1981 to oppose prohibited race discrimination in her employment relationship without suffering retaliation.

51. Defendants' conduct deprived Ms. Cazorla of the contract-based rights enjoyed by non-Latino African-American and White employees of Defendant Koch Foods in violation of 42 U.S.C. § 1981.

52. Defendants' actions violated Ms. Cazorla's right to receive full and equal benefit of all laws guaranteed by 42 U.S.C. § 1981, including her right to enjoy and benefit from a nondiscriminatory employment relationship with Defendant Koch Foods.

53. Defendants knowingly, willfully, intentionally, recklessly, and with malice acted to deprive Ms. Cazorla of her federally protected rights.

54. As a direct result of Defendants' violations of Ms. Cazorla's rights under 42 U.S.C. § 1981 described in paragraphs 4-41, she suffered injury to her property and person.

55. Ms. Cazorla seeks all appropriate relief, including declaratory and injunctive relief, attorney's fees, costs of this action, and damages, including compensatory and punitive damages, in an amount to be determined at trial.

### Negligence Under Mississippi Law
### (Against Defendant Koch Foods)

56. This claim is brought on behalf of Ms. Cazorla against Defendant Koch Foods pursuant to Mississippi law.

57. Paragraphs 4 through 41 are re-incorporated and re-alleged by reference as if fully set forth herein.

58. Defendant Koch Foods owed a duty to its nonmanagerial employees, including Ms. Cazorla, to ensure that its supervisory employees did not wield their supervisory authority in such a way as to abuse, extort, or harass nonmanagerial employees in the workplace.

59. Defendant Koch Foods breached its duty to Ms. Cazorla by failing to adequately screen, train, and supervise Defendant Ickom and/or other managers responsible for supervising Defendant Ickom and Ms. Cazorla.

60. Defendant Koch Foods knew, or should have known, that Defendant Ickom and other managers subjected Ms. Cazorla to the abusive, extortionary, and harassing practices described in Paragraphs 4 through 41 between 2004 and 2007.

61. The actions and inactions of Defendant Koch Foods in failing to adequately screen, train, and supervise Defendant Ickom caused Ms. Cazorla emotional and monetary harm for which she seeks relief pursuant to Mississippi law.

62. Ms. Cazorla seeks all appropriate relief, including costs of this action and compensatory damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Cazorla respectfully requests that the Court grant her the following relief:

   a. Enter a declaratory judgment that Defendants Koch Foods and Ickom violated Ms. Cazorla's rights under the Civil Rights Act of 1866 (42 U.S.C. § 1981), as set forth in the preceding paragraphs, and enjoining Defendants Koch Foods and Jesse Ickom from engaging in such unlawful practices;

   b. Order that Ms. Cazorla be awarded equitable relief, including reinstatement, back pay, and/or front pay, for Defendants Koch Foods and Jessie Ickom's violations of 42 U.S.C. § 1981;

   c. Award Ms. Cazorla compensatory damages for Defendants Koch Foods and Jesse Ickom's violations of 42 U.S.C. § 1981 and Defendant Koch Foods' breach of its duty to Ms. Cazorla under Mississippi law;

   d. Award Ms. Cazorla punitive damages for Defendant Koch Foods and Defendant Ickom's violations of 42 U.S.C. § 1981;

  e.  Award Ms. Cazorla pre- and post-judgment interest as allowed by law;

  f.  Award Ms. Cazorla reasonable attorney's fees and her costs of court; and

  g.  Grant Ms. Cazorla such further relief as the Court deems necessary and proper.

Respectfully submitted,

COUNSEL FOR PLAINTIFF

_____
Robert McDuff
Mississippi Bar No. 2532
Sibyl Byrd
Mississippi Bar No. 100601
Law Office of Robert McDuff
767 North Congress Street
Jackson, MS 39202
Telephone: (601) 969-0802
Facsimile: (601) 969-0804
rbm@mcdufflaw.com
scb@mcdufflaw.com


Spring Miller
Tenn. Bar No. 026485
*Pro Hac Vice Application Pending*
LEAD COUNSEL
Stacie Jonas
Tenn. Bar No. 027334
LEAD COUNSEL
*Pro Hac Vice Application Pending*
Douglas L. Stevick
Tenn. Bar No. 021711
*Pro Hac Vice Application Pending*
SOUTHERN MIGRANT LEGAL SERVICES, A Project
of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd.
Ste. 135
Nashville, TN 37217
Telephone: (615) 750-1200
Fascimile: (615) 366-3349
dstevick@trla.org


March 1, 2010