IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

MARIA CAZORLA, et al.                                                                    PLAINTIFFS

vs                                                              CIVIL ACTION NO. 3:10cv135-DPJ-FKB

                                                                              Consolidated Civil Action
KOCH FOODS OF MISSISSIPPI,
LLC, and JESSIE ICKOM                                                                  DEFENDANTS

ORDER

This employment discrimination action is before the Court on the motions [327 and 329] of Defendant Koch Foods of Mississippi, LLC (Koch Foods) to compel U visa information and to reconsider this court's protective order of November 30, 2012 [154]. Having considered the motions, Plaintiffs' responses, Koch's reply, Plaintiffs' surrebuttal,[1] and the briefs of *amici curae*,[2] the Court concludes that the motions should be granted in part and denied in part.

This action arises out of alleged acts of harassment and abuse of Hispanic workers by their supervisor, Jessie Ickom, in the debone department of Koch Foods' Morton, Mississippi poultry processing plant.  Previously, the Court granted Plaintiffs' motion for a protective order preventing Koch Foods from obtaining discovery concerning immigration status and related information of the individual plaintiffs, claimants, and witnesses.  In so doing, the Court, citing, *inter alia*, *In re Reyes*, 814 F.2d 168 (5th Cir. 1987) noted the

---

[1]Plaintiffs' motion [383] to file a surrebuttal in opposition to Koch Foods's motion is hereby granted.

[2]The motion of the Southern Poverty Law Center and other organizations [368] to file *amicus* briefs in opposition to Koch Foods's motions is hereby granted.

chilling or *in terrorum* effect inquiry into such matters can have on the assertion of workers' rights under the employment discrimination statutes. The Court went on to conclude that the proper analysis was to balance the likely relevance of the information sought by Koch Foods with the burden that the discovery would place on the litigants and on the public's interest in enforcement of Title VII.  That analysis led the Court to conclude that immigration status and related information was not discoverable, as any possible relevancy of this information was outweighed by its chilling effect.

In its motions now before the Court, Koch Foods seeks once again to obtain information related to immigration status.  However, it now focuses on one particular area not raised earlier:  discovery concerning the individual plaintiffs' and claimants' attempts to obtain U visas T visas,[3] or other immigration benefits that may be available to them because of the allegations they have made.  It is Koch Foods's contention that some of the allegations made by the individual plaintiffs and claimants, particularly claims of sexual and physical assaults and extortion, are false and were made solely for the purpose of obtaining such benefits.  Koch Foods argues that this possibility is particularly real given the fact that the EEOC is one of the law enforcement agencies that can certify an applicant's cooperation to support the granting of a U visa.  *See* 8 C.F.R. 214.14(a)(2).  Thus, Koch Foods argues that U visa applications are relevant to that defense.

---

[3] A U visa provides temporary legal status and work eligibility for up to four years to unauthorized immigrants who are victims of qualifying criminal activity, including sexual assaults, felonious assaults, and extortion.  *See* 8 C.F.R. § 214.14(a)(9).  A T visa provides comparable benefits to victims of human trafficking. *See* 8 C.F.R. § 214.11.

2

A threshold matter before the Court are the motions of Plaintiffs [361 and 371] to strike certain portions of Koch Foods's motions, memoranda, and supporting documents. Plaintiffs argue that Koch Foods's so-called evidence of fabrication of claims as part of a scheme to obtain legal status in this country consists of mere conjecture and speculation. The Court agrees with Plaintiffs' characterization of many of Koch Foods statements. However, the Court concludes that striking portions of Koch Foods's filings is neither practical nor necessary. The motion is denied, except to the extent that the Court has disregarded those allegations of Koch Foods that are unsupported by any evidence.

Indeed, the real issue is not whether Koch Foods has or has not uncovered evidence of a scheme to fabricate the allegations against it. The issue is the relevance of the information sought by Koch Foods to the claims and defenses in this action. Koch foods has raised a legitimate defense regarding U visas, T visas, or other immigration benefits, and it is entitled to pursue discovery, including visa applications, that supports the defense. *See Camayo v. John Peroulis & Sons Sheep, Inc.*, 2012 WL 5931716 (D. Colo. Nov. 27, 2012) (allowing discovery of U visa and T visa information on grounds that it was relevant to claims or defenses); *EEOC v. Global Horizons, Inc.*, 2013 WL 3940674 (E.D. Wash. July 31, 2013) (same regarding T visa information). The relevance of this information clearly outweighs its *in terrorum* effect, as any individuals who have applied for immigration benefits have, necessarily, already disclosed their immigration status to federal authorities. Koch Foods's motion is granted as to its discovery requests concerning these matters, subject to the entry of an appropriate protective order.

Koch Foods also seeks a broad reconsideration of the Court's November 30, 2012, order, arguing once again that it is entitled to discovery on the immigration status of all individual plaintiffs and claimants. Koch Foods has not, however, offered any new arguments or evidence to support its position. This portion of Koch Foods's motion is denied.

Accordingly, it is hereby ordered as follows:

The individual plaintiffs shall, after the entry of an appropriate protective order, serve full and complete answers to interrogatories one through four and produce all documents responsive to requests one through four of Koch Foods' second set of consolidated discovery to the individual plaintiffs. The EEOC shall, after the entry of an appropriate protective order, serve full and complete answers to interrogatories one through five and produce all documents responsive to requests one through five of Koch Foods second set of consolidated discovery to the EEOC. The parties shall submit to the undersigned within ten days of entry of this order a joint proposed protective order governing the production of such information.

The motions of Koch Foods are in all other respects denied.

SO ORDERED this the 24th day of January, 2014.

/s/ F. Keith Ball

UNITED STATES MAGISTRATE JUDGE