UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARIA CAZORLA, et al.                                                                          PLAINTIFFS

VS.                                                           CIVIL ACTION NO. 3:10cv135-DPJ-FKB

KOCH FOODS OF MISSISSIPPI,
LLC, and JESSIE ICKOM                                                                      DEFENDANTS

consolidated with

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION                                       PLAINTIFF

VS.                                                          CIVIL ACTION NO.: 3:11cv391-DPJ-FKB

KOCH FOODS OF MISSISSIPPI, LLC                                                             DEFENDANT

ORDER

This employment-discrimination case is before the Court primarily on Plaintiffs' Objections and Motion to Review Magistrate's Order [442].  The disputed order allows discovery related to immigration benefits the individual plaintiffs may have sought or obtained because of their allegations against Defendant Koch Foods of Mississippi, LLC.  Four other motions relate to this appeal:  Plaintiffs' Motion for Leave to File Rebuttal [452]; proposed amici curiae's Motion and Incorporated Memorandum of Law Seeking Leave of Court to File Amicus Curiae Brief [443]; proposed amici curiae's Motion for Leave to File Rebuttal Memorandum [453]; and Koch's Motion to Strike Exhibits in Support of Proposed Amici Curiae Brief [450]. Having considered the submissions, the Court concludes that it should review certain information in camera before ruling on the core motion seeking review of the magistrate judge's order.  As to the related motions, the Court will consider the briefs and exhibits that have been submitted by amici curiae and Plaintiffs.

I.      Facts and Procedural History

Koch is a major producer and distributor of poultry products, and this suit arises from alleged discrimination at its Morton, Mississippi, slaughter plant.  According to the EEOC, two of Koch's supervisory employees engaged in a pattern of sexual harassment, discrimination, and retaliation against female and Hispanic workers under their supervision.  In general terms, certain Hispanic women alleged that their supervisors—primarily Jesse Ickom—sexually assaulted them at work, charged them money for such things as using the bathroom, threatened the workers based on their immigration status, and retaliated against them when they complained about his conduct.  Though only eight plaintiffs were initially named in these consolidated actions, the number of individual plaintiffs has now jumped to 115.  *See* Pl.'s Third Am. Compl. [384].

In November 2012, Magistrate Judge F. Keith Ball entered a Protective Order [154] that prevented discovery of, *inter alia*, information related to Plaintiffs' immigration status and involvement in any immigration proceedings.  Koch took issue with the ruling and sought reconsideration of that order while moving to compel information related to Plaintiffs' efforts to obtain certain immigration-related benefits, specifically T and U visas.  Judge Ball granted Koch's motion in part.  Order [435] Jan. 24, 2014.  Now Plaintiffs take issue with the ruling and have appealed under Federal Rule of Civil Procedure 72 [442].  Koch responded to Plaintiffs' objections [447] and Plaintiffs seek leave to file a rebuttal [452], which is granted as unopposed.  *See* Def.'s Resp. [456].

II.     Motion to Review

The Court must initially address the scope of the relief Judge Ball granted.  Koch sought broad reconsideration of Judge Ball's protective order, asking for discovery of all immigration

status, history, and related information.  *See* Def.'s Mem. [330] at 3.  The EEOC maintains that Judge Ball granted that relief because his order concluded by requiring "full and complete" answers" to written discovery seeking immigration histories.  Order [435] Jan. 24, 2014 at 4.  While the EEOC's interpretation is understandable, a closer reading indicates that Judge Ball intended a narrower scope.

Judge Ball's instruction to provide "full and complete" responses must be viewed in light of the rest of his order denying reconsideration.  *Id*.  The order maintained the block on discovery of general immigration history, but Judge Ball agreed Koch should be permitted limited discovery in one immigration related area.  Specifically, he allowed discovery concerning efforts to obtain U or T[1] visas—visas providing temporary legal status and work eligibility to unauthorized immigrants who are victims of qualifying criminal activity—or other immigration benefits that may be available to Plaintiffs "*because of the allegations* they have made" in this case.  *Id*. at 2.  In context, Judge Ball ordered "full and complete" responses to the disputed discovery requests to the extent immigration benefits were sought or obtained related to the claims of abuse at Koch.

The more difficult question is whether allowing this discovery was clearly erroneous or contrary to law.  After reading the briefs and conducting exhaustive research, the Court concludes that several potentially thorny issues must be considered with little guidance in the reported authority.  To make matters more difficult, there are factual variables that affect the analysis, yet the issues are argued in the abstract.

---

[1] It seems unlikely that T visas would be an issue.

For starters, it is not yet established that any immigration benefits were offered, sought, or obtained related to the allegations in this case. The EEOC's memorandum scoffs at Koch's suggestion that this has occurred, dismissing the notion as "far-fetched" and "speculative." Pls.' Mem. [442] at 14. In doing so, the Commission strongly suggests to the Court that there were no such efforts. If there were not, the Court may be disinclined to offer a ruling of first impression on several difficult and contentious issues.

If, however, there is responsive information as Koch expects, then the facts will impact the legal and policy arguments that have been made. First, whether a particular plaintiff remains employed at Koch raises considerations with respect to the alleged chilling effect and what Koch would be required to do if informed that one of its employees is undocumented. Second, the status of the application is important. For example, a final denial would affect the EEOC's statutory and regulatory privilege arguments under 8 U.S.C. § 1367(a)(2) and 8 C.F.R. § 214.14. If the application was granted and the plaintiff remains employed at Koch, then that would impact the alleged chilling effect.

To be clear, the Court has not decided the legal issues the parties raised. So, for example, the Court has not decided whether § 1367(a)(2) should apply in the context of this case. But it seems beyond improvident to issue a ruling that covers all of the potential contingencies without knowing whether they even exist. For that reason, the Court orders each individual plaintiff to produce a sworn statement providing the information identified in the attached Exhibit "A." The EEOC is likewise required to submit a verified response to Exhibit "B." Plaintiffs are likewise instructed to produce documents responsive to document requests 1 through 3 as further explained below.

III.     Miscellaneous Motions

Proposed amici curiae are victim protection, anti-domestic violence, civil rights, and legal services organizations.  They seek leave to file a brief [443], which Koch opposes [449].  Their proposed brief is attached to their motion as Exhibit 1 and discusses the U and T visa programs and the effects disclosure of immigration records has on immigrant victims of crime.  They also seek leave to file a rebuttal [453], which Koch does not oppose [455].  Given the lack of guidance in reported decisions, the Court will grant the motions of amici curiae and consider their submissions in ruling on Plaintiffs' objections.  *See, e.g.*, *United States v. Olis*, No. H-07-3295, 2008 WL 620520, at *7 (S.D. Tex. March 3, 2008) ("The extent to which the court permits amicus briefing lies solely with the court's discretion.") (citing *Waste Management of Pennsylvania v. City of York*, 162 F.R.D. 34, 36–37 (M.D. Pa. 1995)).

Koch also filed a motion to strike [450] three exhibits that amici curiae attached to their brief.  *See* Mot. for Leave to File [443] Exs. A, B, C.  The exhibits in question contain narratives and testimony on the benefits of T and U visas and the effects of disclosure of immigration information on victims of abuse.  The Court finds this information is relevant to the suggested *in terrorem* effect disclosure may have, so Koch's motion to strike is denied.  *Cf. United States v. State of La.*, 751 F. Supp. 608, 620 (E.D. La. 1990) ("Generally, courts have exercised great liberality in permitting an amicus curiae to file a brief in a pending case, and, with further permission of the court, to argue the case and introduce evidence.") (citation omitted).

IV     Conclusion

For the reasons stated, the Court grants Motions 443, 452, and 453, and denies Motion 450.  Motion 442 is taken under advisement.  Each individual plaintiff shall complete and file a

sworn copy of Exhibit "A," and the EEOC shall submit a verified response to Exhibit "B." In addition, Plaintiffs must produce documents responsive to Request for Production of Documents Nos. 1 through 3 (as limited in scope by this Order).[2] All responses and documents should be hand delivered to the undersigned's chambers no later than July 18, 2014.[3]

THE COURT HAS GIVEN APPROXIMATELY 8 WEEKS TO COMPLETE THESE TASKS, WHICH IT DEEMS SUFFICIENT.  BECAUSE THIS CASE IS ALREADY MORE THAN FOUR YEARS OLD WITH SUBSTANTIAL WORK REMAINING BEFORE A TRIAL, NO EXTENSIONS OF THIS DEADLINE WILL BE GRANTED ABSENT EXTRAORDINARY CIRCUMSTANCES.

**SO ORDERED AND ADJUDGED** this the 23rd day of May, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] Responses to Request for Production of Documents No. 2 should be limited to communications related to immigration issues.

[3] If Plaintiffs prefer to produce the documents in another format or by other means, they may contact the Court.