# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

| | |
|---|---|
| MARIA CAZORLA, et al., ) | |
|     Plaintiffs, ) | |
| vs. ) | CIVIL ACTION NO. |
| ) | 3:10-CV-135-DPJ-FKB |
| KOCH FOODS OF MISSISSIPPI, LLC and ) | |
| JESSIE ICKOM, ) | |
|     Defendants. ) | |
| ) | |
|     *Consolidated With* ) | |
| ) | |
| EQUAL EMPLOYMENT OPPORTUNITY ) | |
| COMMISSION, ) | |
|     Plaintiff, ) | CIVIL ACTION NO. |
| vs. ) | 3:11-CV-391 CWR-LRA |
| ) | |
| KOCH FOODS OF MISSISSIPPI, LLC, ) | |
|     Defendant ) | |

## CONFIDENTIALITY AND PROTECTIVE ORDER REGARDING IMMIGRATION INFORMATION

Pursuant to this Court's September 22, 2014 Order, Dkt. 483, and Order for Clarification dated October 29, 2014, Dkt. 490, and having considered Plaintiffs' motion for entry of a protective order and the memoranda of the parties in connection therewith, the Court enters this Confidentiality and Protective Order Regarding Immigration Information (hereinafter "Confidentiality and Protective Order," "Protective Order" or "Order").

1. This Protective Order applies to the production of documents and disclosure of information relating to efforts to obtain immigration benefits that arose out of the allegations in this case. All such documents and information produced or disclosed that a person in good faith believes contains, reflects, or concerns confidential citizenship or immigration-related information are hereinafter collectively referred to as "Confidential Immigration Information."

2. Any person may designate any information, document, testimony or other tangible thing furnished in connection with this litigation as Confidential Immigration Information by clearly and prominently designating it as such using any of the following methods. Documents or other tangible things may be designated as Confidential Immigration Information by placing on every single-page document, on the initial page or cover of a multi-page document, or in prominent location on the exterior of any tangible object, one of

the following designations, or a designation containing essentially the same information, but in a different format:
   a. "CONFIDENTIAL – IMMIGRATION INFORMATION"
   b. "CONFIDENTIAL- IMMIGRATION INFORMATION-THIS DOCUMENT IS SUBJECT TO A PROTECTIVE ORDER"

Deposition testimony and/or exhibits may be designated Confidential Immigration Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof, or exhibit contains Confidential Immigration Information; or (b) stating in writing served upon counsel of record up to thirty (30) days after receipt of the deposition transcript (the "30-day Review Period") that such deposition, or portion thereof, or exhibit contains Confidential Immigration Information. Deposition transcripts shall be treated as "Confidential Immigration Information" during the 30-day Review Period.

3. All documents received from any additional claimant ("Additional Claimant") on behalf of whom the Equal Employment Opportunity Commission (the "EEOC") seeks relief or third party pursuant to a subpoena seeking the production of Confidential Immigration Information are hereby automatically designated as Confidential Immigration Information for a period of thirty (30) days from the date that the documents are produced and served on all parties. Beyond that time, a party must designate a document as Confidential Immigration Information pursuant to paragraph 2.

4. This Protective Order shall apply to and bind the parties to this action and any third party who provides or is provided access to Confidential Immigration Information under the terms of this Protective Order. Each person having access to Confidential Immigration Information pursuant to paragraph 8(d) − (f) and (h) shall sign Exhibit A before receiving or being provided access to Confidential Immigration Information.

5. The term "family member" includes any and all current or former relatives, regardless of whether such relationship was formed by blood, adoption, or marriage, including common law marriage, and regardless of the degree of relationship.

6. Prior to producing Confidential Immigration Information, the producing party may redact the following:
   a) Information identifying prior crimes by the Individual Plaintiffs, an Additional Claimant, or a family member as described in the Immigration Order as not subject to discovery;
   b) Identifying information of family members other than the information required to be disclosed in Form I-918, Form I-918 Supplement A, or Form I-918 Supplement B under the Immigration Order; and
   c) Information about efforts to obtain immigration benefits other than efforts that arose out of the allegations in this case as described in the Immigration Order as not subjet to discovery.

7. The Confidential Immigration Information, as well as extracts and summaries thereof, shall not be used for any purpose other than prosecuting or defending the above-captioned action and shall not be used in any other proceeding, lawsuit, or forum unless arising from or related to the allegations or proceedings in this case. In addition, Defendant Koch Foods and its counsel and agents are expressly prohibited from reporting or sharing any Confidential Immigration Information with immigration authorities or other law enforcement officials unless a failure to do so would constitute a violation of criminal law. Koch Foods is

expressly prohibited from using any Confidential Immigration Information in the course of its business, including hiring, firing, or discharge decisions unless otherwise required by applicable law.
8. Counsel for the parties shall not disclose or permit the disclosure of Confidential Immigration Information to any party, third person, or other entity or individual except as set forth in subparagraphs (a) – (h) below.  The following categories of persons are the only individuals allowed to access and review Confidential Immigration Information:
    a) the Court and its personnel, including but not limited to assistants and employees, engaged in such proceedings as are necessarily incidental to this lawsuit;
    b) court reporters, translators, or other persons preparing trancripts of testimony;
    c) the parties to this action or their employees involved in the management of this litigation;
    d) any Additional Claimants for whom the EEOC seeks relief;
    e) any person who will or is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of questioning the person as a witness or assisting in his/her preparation and any person to whom dissemination is deemed necessary by any party for discovery or trial preparation purposes;
    f) experts retained by a party in this action;
    g) counsel of record who represent the parties in this litigation and the personnel who are directly employed or contracted by those attorneys' firms who are assisting the attorneys working on this action (hereinafter, collectively, "counsel"); and
    h) any mediator or arbitrator selected with the consent of all parties or if ordered by the Court.
9. An inadvertent failure to designate a document as Confidential Immigration Information pursuant to this Protective Order does not, standing alone, waive the right to so designate the document as confidential. If a party designates a document as Confidential Immigration Information after it was initially produced, the receiving party, on notification of the designation, must assure that the document is treated in accordance with the provisions of the Protective Order.  If the receiving party receives an inadvertent disclosure of Confidential Immigration Information without the proper designation, upon recognizing the confidential nature of the materials, shall timely notify the producing party, and shall refrain from using the materials except as permitted by this Order until the proper steps are taken to remediate the inadvertent disclosure.
10. Should any Confidential Immigration Information be inadvertently disclosed to any person not allowed access under the terms and provisions of this Protective Order, then the disclosing party, promptly upon becoming aware of such disclosure, shall (a) identify such person to the producing party; (b) inform such person of all the provisions of this Protective Order; (c) request that such person sign a "Confidentiality Acknowledgement" in the form attached as Exhibit A, agreeing to be bound by the terms of this Order and the jurisdiction of this Court for purposes of enforcement of this Protective Order ; and (d) use its best efforts to retrieve all Confidential Immigration Information that the person was not authorized to receive, including retrieval or destruction of any reproductions or transmissions of such information.
11. In producing documents marked as Confidential Immigration Information for inspection, no further marking need be made by the producing party.  Thereafter, when the receiving party

selects such documents containing Confidential Immigration Information for transmission to any person appropriately designated pursuant to paragraph 8 to receive such Confidential Immigration Information, it shall exercise due diligence to ensure that all documents so transmitted are transmitted with the confidential designation provided for by this Protective Order.

12. No person or entity other than those described above in paragraph 8 shall have access to the Confidential Immigration Information as herein described. Individuals or entities permitted access to Confidential Immigration Information under this Protective Order, including counsel, as herein defined, are hereby ordered not to show, convey or reproduce any information or documents so designated, or parts thereof, or copies thereof, or any matters or information contained therein, or any extracts or summaries thereof, to any individual or to any entity who is not expressly authorized to have access to said documents under the provisions of this Protective Order without leave of the Court or the prior, express, written consent of all parties to this litigation.
13. Each person given access to Confidential Immigration Information in accordance with this Protective Order shall segregate such material, keep it secure, treat it as confidential, and take all reasonable actions necessary to preserve the confidentiality of the information and ensure that access is limited to the persons and for the uses authorized by this Protective Order.
14. A party that intends to file with the Court pleadings or other papers containing, incorporating, quoting from, annexing, or summarizing Confidential Immigration Information as defined in this Protective Order shall first file a motion in accordance with L.U.Civ.R. 79 requesting that such Confidential Immigration Information be filed under seal..
15. Any party may challenge the propriety of the designation of a given document or information as Confidential Immigration Information under this Order. If any party elects to challenge the designation of confidentiality of any document or information pursuant to this Protective Order, the challenging party shall notify the producing party of its challenge in writing within thirty (30) days of receipt of the Confidential Immigration Information. Counsel shall comply with local rules pertaining to disputes relating to discovery. The producing party will either voluntarily remove the challenged designation or advise the challenging party that it will not remove the designation. If the parties cannot resolve such dispute among themselves, the challenging party or parties shall then seek appropriate relief from the Court within thirty (30) days of determining that the dispute could not be resolved. If such a motion is made, the challenging party shall have the burden to establish that the designation is improper. All documents, testimony or other materials designated by the producing party as Confidential Immigration Information, however, shall retain their status as confidential until such time as the Court enters an order otherwise.
16. Nothing herein shall restrict an authorized recipient under paragraph 8, for use in connection with this action only, from making working copies, abstracts, digests and analyses of Confidential Immigration Information or from preparing documents for filing in this action only, and as required in paragraph 14. However, all such working copies, abstracts, digests, analyses and/or filings shall be deemed to have the same level of protection under the terms of this Protective Order as the original production of Confidential Immigration Information. Further, nothing herein shall restrict an authorized recipient from converting or translating Confidential Immigration Information into electronic or machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that

use of and access to such converted information, in whatever form stored or reproduced, shall be subject to the same terms and restrictions applying to the original production of Confidential Immigration Information as stated in this Protective Order.
17. In the event any entity, person or party bound by this Protective Order having possession, custody or control of any Confidential Immigration Information receives a subpoena, other process or court order to produce such Confidential Immigration Information in any case, proceeding or forum, such entity, person or party shall timely notify the party serving the subpoena, other process or court order of the existence of this Protective Order, timely notify all attorneys of record of the parties to the litigation (and parties themselves who are not represented by counsel), and shall timely furnish such attorneys or party with a copy of said subpoena, other process or order. All required notifications in this paragraph shall occur no later than three (3) business days after receipt of said subpoena, other process or court order. Unless all parties agree otherwise, a party receiving a subpoena, other process or court order to produce Confidential Immigration Information must take all legal means to oppose such subpoena, other process or court order. Any party can oppose such subpoena, other process or court order to produce Confidential Immigration Information regardless of the entity, person, or party receiving the subpoena, other process or court order.The Confidential Immigration Information shall be maintained and not disclosed until any final judgment by a court of competent jurisdiction, including any appeals, on any motion to quash or for protective order that is filed.
18. This Protective Order shall govern all Confidential Immigration Information during discovery and all pre-trial proceedings subject to further orders of the Court. Subject to the federal rules of evidence, Confidential Immigration Information may be offered at trial or any court hearing, and nothing in this Order shall determine the admissibility or inadmissibility of any evidence at trial.
19. Nothing in this Protective Order, nor the production of any document or other materials or information under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to have the effect of a waiver of attorney-client, deliberative process, law enforcement, common interest, joint prosecution, Fifth Amendment, or work product privilege by any party, or third party.
20. Unless otherwise ordered by the Court, all Confidential Immigration Information produced pursuant to this Protective Order shall be returned to the producing party no sooner than fourteen (14) nor more than sixty (60) days after the termination of this action, including any appeals. The parties shall destroy all other materials identified as containing Confidential Immigration Information no sooner than fourteen (14) nor more than sixty (60) days after the termination of this action, including any appeals, including all work product and electronic materials, as well as all summaries, excerpts, or copies of such materials, or data taken from such documents that they obtained in accordance with this Protective Order. Within three (3) business days of destruction, the parties shall send written, signed verification that all such materials have been permanently destroyed. This paragraph does not apply to the Commission, whose statutory obligations to preserve records are governed by the Federal Records Act of 1950, 44 U.S.C. § 2901 et seq. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action. Nothing in this paragraph shall limit, expand, or otherwise modify the Commission's obligations under the Federal Records Act of 1950, 44 U.S.C. § 2901 *et seq.*.

21. This Protective Order binds all present and future parties to this consolidated action, along with their present and future counsel, as defined herein.
22. This Protective Order shall remain in effect indefinitely after the conclusion of this civil action and this Court shall retain concurrent jurisdiction to enforce the terms of this Protective Order.

SO ORDERED, this, the 8th day of December, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**CONFIDENTIALITY ACKNOWLEDGEMENT**

declares that:

 I reside at _____in the city of _____, county _____ , state of _____ ;

 I am currently employed by _____ located at _____ _____and my current job title is _____.

 I have read and believe I understand the terms of the Protective Order dated _____, filed in consolidated Civil Action No. 3:10-CV-135-DPJ-FKB, pending in the United States District Court for the Southern District of Mississippi.  I agree to comply with and be bound by the provisions of the Protective Order.  I understand that any violation of the Protective Order may subject me to sanctions by the Court.

 I shall not divulge any material designated as confidential in accordance with paragraph 2 of the Protective Order, or the contents of such documents or information, to any person other than those specifically authorized by the Protective Order.  I shall not copy or use such documents or information except for the purposes of this action and pursuant to the terms of the Protective Order.

 As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received any material designated as confidential in accordance with paragraph 2 of the Protective Order, and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such materials.

 I submit myself to the jurisdiction of the United States District Court for the Southern District of Mississippi for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

 I declare under penalty of perjury that the foregoing is true and correct.

Executed on    _____
   (Date)        (Signature)

_____
  (Title)