UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MARIA CAZORLA, et al. PLAINTIFFS

VS. CIVIL ACTION NO. 3:10cv135-DPJ-FKB

KOCH FOODS OF MISSISSIPPI, LLC, and JESSIE ICKOM DEFENDANTS

consolidated with

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION PLAINTIFF

VS. CIVIL ACTION NO. 3:11cv391-DPJ-FKB

KOCH FOODS OF MISSISSIPPI, LLC DEFENDANT

ORDER

This employment-discrimination case is before the Court on Plaintiff Equal Employment Opportunity Commission's Motion for Certification for Interlocutory Appeal [500] and Motion to Stay Proceedings Pending Interlocutory Appeal [502]. For the following reasons, the motions are granted.

I. Facts and Procedural History[1]

The instant motions involve a dispute over Koch Foods's right to discovery concerning efforts by the Individual Plaintiffs and other Aggrieved Individuals to seek protection under the T- and U-Visa statutes.[2] Magistrate Judge F. Keith Ball entered an Order permitting discovery from both the Individual Plaintiffs and the EEOC regarding attempts to obtain U Visas. Jan. 24,

[1]This Order assumes familiarity with the history of this dispute.

[2]As in previous orders, the Court will simply refer to U Visas from this point forward as they are the primary benefit in dispute.

2014 Order [435]. Plaintiffs then filed Objections [442] to the Order pursuant to Federal Rule of Civil Procedure 72(a).

This Court affirmed the Magistrate Judge's Order, but only in part, concluding that (1) discovery tailored to attempts to obtain U Visas was not precluded by estoppel, the U-Visa statute and regulations, or concerns over the *in terrorem* effect of such discovery; but that (2) the discovery could be obtained only from the Individual Plaintiffs and Aggrieved Individuals, not from the EEOC. Sept. 22, 2014 Order [483]. Finally, the Court permitted the use of a protective order to redact irrelevant information from the Individual Plaintiffs' and Aggrieved Individuals' immigration histories. *Id.* at 12 & n.8, 14.

Following the Court's Order, Plaintiffs filed a Motion for Clarification [486], and the Court further clarified its conclusions in an October 29, 2014 Order [490]. The EEOC now moves for certification for interlocutory appeal and to stay the action pending resolution of the appeal. The issues are fully briefed and the Court is prepared to rule.

## II. Analysis

### A. Motion for Certification

The EEOC seeks certification, pursuant to 28 U.S.C. § 1292(b), of the following questions for interlocutory appeal: (1) whether efforts to obtain U Visas and other immigration protections are discoverable to test credibility ("Question 1"); and (2) whether federal law (specifically 8 U.S.C. § 1367) protects Individual Plaintiffs and other Aggrieved Individuals from disclosing U-Visa application information ("Question 2"). Pl.'s Mot. [500] at 1.

Section 1292(b) provides that

[w]hen a district judge, in making in a civil action an order not otherwise

> appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

These criteria "are conjunctive, not disjunctive." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000) (Posner, C.J.). "The purpose of § 1292(b) is to provide for an interlocutory appeal in . . . *exceptional* cases . . . ." *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985) (emphasis added). The Court will consider each § 1292(b) factor in turn but will first address the timeliness of this motion.

1. Timeliness

Koch Foods argues that the EEOC's motion is untimely. While the statute provides a time limit for filing § 1292(b) motions in the appeals court, "there is no statutory deadline for the filing of the petition in the district court"; the petition need only be filed within a "reasonable time." *Ahrenholz*, 219 F.3d at 675–76 (emphasis deleted). Given the length of the dispute, the complexity of the issues, and the additional procedural wrinkles (including protracted efforts to draft a protective order), the Court finds that the motion is timely.

2. Controlling Question of Law

Under Section 1292(b), a controlling question of law has been defined to include a "'pure' question of law rather than merely . . . an issue that might be free from a factual contest." *Ahrenholz*, 219 F.3d at 677. As for whether it is "controlling," a leading commentator smartly summarizes the issue as follows:

> There is no doubt that a question is "controlling" if its incorrect disposition would require reversal of a final judgment, either for further proceedings or for a dismissal that might have been ordered without the ensuing district-court proceedings. At the other end of the spectrum, there is little doubt that a question

> is not controlling if the litigation would be conducted in the same way no matter how it were decided, or if it is a matter of merely formal procedure that can readily be accommodated to whatever ruling is made

16 Charles Alan Wright, et al., Federal Practice and Procedure § 3930 (3d ed.); *see also McLaurin v. United States*, No. 2:06cv169KS-MTP, 2008 WL 782487, at *2 (S.D. Miss. 2008) (same).

The Court concludes that EEOC's Question 1 fails to present a question of law. Under Federal Rule of Civil Procedure 26(b)(1), discovery must be "reasonably calculated to lead to the discovery of admissible evidence." And whether the disputed discovery in this case would be admissible on issues of credibility—as posed in Question 1—requires fact-intensive consideration. For instance, the Court must weigh the various forms of alleged prejudice against the probative value of the information. *See* Fed. R. Civ. P. 403.[3] Such issues are not generally questions of law. *See Mae v. Hurst*, No. 14-60864, 2015 WL 3463001, at *3 (5th Cir. June 2, 2015) (per curiam) (finding no question of law where "Appellants' argument amounts to a fact-specific dispute over the application of the discovery rules to this case").

But the Court finds that Question 2—whether 8 U.S.C. § 1367 protects the Individual Plaintiffs and other Aggrieved Individuals from disclosing U-Visa application information—does present a question of law. By its terms, the proposed question asks this Court and the appellate court to interpret a federal statute and its implementing regulations. Although a contrary resolution of Question 2 would alter the Court's ultimate discovery order, the question itself is a preliminary determination *of law*.

---

[3]It is worth noting that the Court reached its conclusions regarding probative value and alleged prejudice after reviewing voluminous documents submitted for *in camera* review.

The Court also concludes that the issue is controlling. Should the court of appeals disagree with this Court's reasoning, the litigation would be fundamentally affected. Koch Foods contends that complaining parties made false allegations in the hopes of obtaining U-Visa authorizations. If a jury agrees, the impact on the verdict would be obvious. At the same time, an incorrect ruling that allowed discovery and admissibility of this evidence would likely require reversal due to the obvious potential for prejudice. While the Court remains comfortable with its original holding on these issues, a trial (or trials) of this matter—which involves more than 100 claims—could take months, and the Court does not wish to repeat the experience due to an issue that can be addressed on interlocutory appeal.

Finally, Question 2 is also controlling in the sense that it will have a dramatic effect on the completion of discovery. Allowing the discovery Koch Foods seeks will be difficult and time consuming due to the number of witnesses, their varying ability to speak English, and the fact that they no longer reside in one state or even country. If the Court erred and Koch Foods is not permitted to conduct this additional discovery, then discovery will conclude more quickly, and the trial will likewise be shorter. In light of these considerations, as well as the breadth of this case, the Court finds that Question 2 satisfies the first criterion of § 1292(b).

3. Substantial Ground for Difference of Opinion

"[C]ourts have found substantial ground for difference of opinion where . . . novel and difficult questions of first impression are presented." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723–24 (N.D. Tex. 2006) (citing 4 Am. Jur. 2d *Appellate Review* § 128 (2005)). While substantial ground for difference of opinion "does not exist merely because there is a dearth of cases," *White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994), "[t]he level of uncertainty required to find

a substantial ground for difference of opinion should be adjusted to meet the importance of the question in the context of the specific case," *Adhikari v. Daoud & Partners*, No. 09-cv-1237, 2010 WL 744237, at *2 (S.D. Tex. Mar. 1, 2010).

Again, the Court believes that its resolution of Question 2 is supported by the statutory text. But the Court has found little authoritative guidance on this question, and its resolution will have an extraordinarily significant impact on this litigation and potentially others. As a result, the Court finds there is substantial ground for difference of opinion as to Question 2.

4. Material Advancement

"[T]he requirement that an appeal may materially advance the ultimate termination of the litigation is closely tied to the requirement that the order involve a controlling question of law." *McLaurin*, 2008 WL 782487, at *2. For the same reasons that the Court finds that this issue is controlling, the Court also concludes that resolving this issue through an interlocutory appeal would materially advance the ultimate termination of this litigation.

Finally, it is worth noting that the United States Supreme Court has suggested, in dicta, that issues like the one presented in Question 2 are subject to interlocutory appeal. In *Mohawk Industries Inc. v. Carpenter*, 558 U.S. 100 (2009), the Court examined an appeal from an order allowing discovery of potentially privileged communications. The Court held that discovery orders are not final and therefore not generally subject to review under the collateral-order doctrine. *Id.* at 109. But the Court went on to observe that aggrieved litigants are not without remedy and "may ask the district court to certify, and the court of appeals to accept, an interlocutory appeal pursuant to 28 U.S.C. § 1292(b)." *Id.* The Court concluded by stating that "preconditions for § 1292(b) review . . . are most likely to be satisfied when a privilege ruling

involves a new legal question or is of special consequence, and district courts should not hesitate to certify an interlocutory appeal in such cases." *Id.* at 110–11. The present case presents a "new legal question" and "special consequences" that should be considered on interlocutory appeal. *See id*. Accordingly, the Court certifies its Orders [483, 490] for interlocutory appeal, particularly as to the EEOC's proposed Question 2.[4]

B. Motion to Stay

The EEOC asks this Court to stay this case pending appeal of the certified orders. The traditional factors that a court considers in granting a stay are

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Nken v. Holder*, 556 U.S. 418, 426 (2009) (internal quotation marks omitted). "[A] movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Campaign for S. Equality v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) (internal quotation marks omitted).

The Court is satisfied that these requirements have been met. First, a serious legal question is involved that may impact the operating procedures of the EEOC in this and similar investigations. And the remaining equities favor the EEOC's position. Should the Court not stay

---

[4]While the Court concludes that only Question 2 presents an issue proper for interlocutory appeal, the Court is certifying its *orders*, not *questions*. *See Linton v. Shell Oil Co.*, 563 F.3d 556, 557 (5th Cir. 2009) (per curiam) ("[S]ection 1292(b) authorizes certification of orders for interlocutory appeal, not certification of questions."). Thus, the court of appeals is free to address any issues raised by the orders, including Question 1. It may likewise consider whether the Court correctly interpreted 8 U.S.C. § 1367(a)(2) and 8 C.F.R. § 214.14(e)(2) as precluding discovery from the EEOC on these matters. Koch Foods did not ask the Court to certify the latter issue, but it would impact the scope, means, and possibly duration of discovery.

the case, Koch Foods would be able to obtain this admittedly sensitive discovery from both the Individual Plaintiffs and the Aggrieved Individuals. So if the Court erred, it could not un-ring that bell. On the other hand, all parties would benefit from a stay at this juncture. As previously stated, conducting the disputed discovery will be costly and time consuming. By confirming what information can be obtained in the remaining discovery, the parties will necessarily avoid duplicitous discovery attempts. The motion is granted.

III. Conclusion

After conducting an *in camera* review of some of the disputed discovery, and having already fully considered the issues, the Court remains convinced that Koch Foods is entitled to the disputed discovery. But in light of the parties' arguments, it concludes that the EEOC's Motion for Certification for Interlocutory Appeal [500] and Motion to Stay Proceedings Pending Interlocutory Appeal [502] should be granted. The Court's Orders [483, 490] are certified for interlocutory appeal, and any further proceedings in this action are stayed pending the Fifth Circuit's resolution of the appeal, either by dismissal or final order. Once the appellate proceedings have concluded, the parties should file a motion to dissolve the stay.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2015.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE