# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**MARIA CAZORLA, ET AL.**                                                              **PLAINTIFFS**

**V.**                                                          **CIVIL ACTION NO. 3:10-cv-00135-DPJ-FKB**

**KOCH FOODS OF MISSISSIPPI, LLC, ET AL.**                                      **DEFENDANTS**

## ORDER ON U-VISA DISCOVERY

Before the Court is the parties' Joint Motion for the Court to Issue an Order on Written Questions by Depositions and/or by Interrogatories Related to U-visa Discovery [533]. The issue of U-visa discovery in this litigation has been the subject of a significant number of motions, rulings, and an interlocutory appeal. *See, e.g.,* [327], [329], [435], [483], [525], and [526]. Because of the volume of activity relating to U-visa discovery in this case, this Order will not recite the history of the motions and previous orders, but instead adopts the procedural history of the issue as contained in the Fifth Circuit's revised opinion of February 23, 2017.[1] [526] at 2-7.

At issue is whether Defendant Koch Foods of Mississippi, LLC ("Defendant") should be permitted to conduct discovery regarding whether plaintiffs or claimants sought or were offered or granted U-visas in connection with their participation in this litigation. Defendant contends it should be permitted U-visa discovery, arguing that whether a plaintiff or claimant sought or received a U-visa in connection with their participation in this case would be directly relevant on the issues of that individual's motive and credibility. Plaintiffs oppose such discovery, arguing that the potential *in terrorem* effect of allowing U-visa discovery outweighs any potential probative value. The Fifth Circuit recognized that both positions have merit. [526] at 25-29.

---

[1] *Cazorla v. Koch Foods of Mississippi, LLC.*, No. 15-60562 (5th Cir. Feb. 23, 2017).

The Court has weighed the factors discussed in Section VI of the Fifth Circuit's revised opinion, namely the probative value of U-visa discovery versus the plaintiffs' and the public's interest in preventing such discovery. Having weighed those factors, the Court finds that the circumstances of this case warrant limited U-visa discovery. This Order addresses both the manner and substance of the U-visa-related discovery that will be permitted. This Order does not address any other aspect of discovery in this case.

## I. Manner of U-visa Discovery

The Court adopts the parties' agreed-upon format and questions as contained within Parts II and III of their joint motion and will address them in more detail below.[2] *See* [533] at 7-8.

Having thoroughly reviewed, and attempting to comply with, the Fifth Circuit's revised opinion, the Court finds that at this stage of discovery and until further order of the Court, all u-visa discovery shall be limited to the following method: (1) all U-visa discovery of individual plaintiffs and claimants will be conducted in writing, using only questions approved by the Court, (2) Plaintiffs' counsel will assign each plaintiff and claimant a number, maintaining a record of which number is assigned to whom, (3) Plaintiffs' counsel will provide the plaintiffs' and claimants' responses to the written U-visa discovery to Defendant by substituting each individual's name with their assigned number, such that the name of each responder remains anonymous to Defendant, and (4) Plaintiffs' counsel is directed to redact any factual information within these anonymous responses which would reasonably reveal the identity of the responder.

The Court adopts most of the U-visa discovery procedures agreed to by the parties in their joint motion. The individual plaintiffs will answer the Court-ordered anonymous U-visa discovery questions through written interrogatories. The claimants will answer the Court-ordered anonymous

---

[2] The Court recognizes that the parties' agreed-upon format and questions are subject to the general objections found within Part I of the motion. *See* [533] at 2-7.

U-visa discovery questions through written depositions conducted only in the presence of counsel for Plaintiffs, an interpreter, and a court reporter, with the deposition to be recorded stenographically. Counsel for Plaintiffs will then provide Defendant with a transcript of the deposition. To the extent that the deposition questions may implicate information covered by attorney-client privilege, or any other applicable privilege, Plaintiffs may assert that privilege. However, the claimants must fully answer all questions at the time of the deposition, regardless of any applicable privilege claimed. Should Plaintiffs wish to assert a privilege, they may do so by redacting the deposition transcript before delivering it to Defendant, and by providing an accompanying privilege log. Plaintiffs' counsel shall maintain an unredacted version of the transcript suitable for *in camera* review by the Court, should Defendant challenge any assertion of privilege.

Should Plaintiffs determine a protective order is necessary with regard to the U-visa discovery responses, counsel must meet and confer in an attempt to agree to the terms of a protective order. If the parties cannot agree, Plaintiffs must file a motion for a protective order within twenty-one (21) days of this Order. A proposed protective order must be attached as an exhibit to any motion for protective order, and must also be emailed to the chambers of the undersigned.

This Order specifically omits discussion of any potential de-anonymization of the discovery responses, as such de-anonymization, should it occur, would be in connection with trial, not discovery. The procedures and timing of any potential de-anonymization would be the subject of another order.

## II. Content of U-visa Discovery

The Court adopts the sixteen questions agreed to by the parties in Part III of the joint motion. *See* [533] at 8-9. They are as follows:

1. Have you applied for a U-visa arising out of the allegations in this case? [if answer to question No. 1 is no, questioning ends here]

2. When did you file your application for a U-visa arising out of the allegations in this case?

3. Did you receive a U-visa certification from the EEOC arising out of the allegations in this case? [if yes, can answer question No. 4]

4. When did you receive a U-visa certification from EEOC arising out of the allegations in this case?

5. When did you first learn about the possibility of obtaining a U-visa arising out of the allegations in this case?

6. From whom did you first learn about the possibility of obtaining a U-visas arising out of the allegations in this case?

7. How many of your family members were able to file a U-Visa application because you filed a U-visa application arising out of the allegations in this case?

8. Have you assisted other Koch Foods employees with seeking to obtain a U-visa arising out of the allegations in this case?

9. [if yes] Who have you helped with seeking to obtain a U-visa arising out of the allegations in this case?

10. Have you provided other Koch Foods employees with information about how to obtain a U- visa related to the allegations in this case?

11. [if answer to question #10 is yes] Who did you tell?

12. [if answer to question #10 is yes] What did you tell them?

13. Did you provide any facts through and/or with your application for a U-visa or assert any facts as part of this case that are not true?

14. [if answer to question # 13 is yes] What facts are not true?

15. Did knowing you might be able to apply for a U- visa play a part in your decision to participate in this case, and if so, how did it influence your decision to participate?

16. Why did you choose to participate in this case?

Additionally, the Court adopts each of the eight questions proposed by Defendant in Section IV of the joint motion. Plaintiffs object to questions D1-D8, arguing *inter alia* that the questions exceed the permissible scope of U-visa discovery and/or would be unduly harmful and prejudicial to the claimants, that the answers would reveal privileged information, or that the answers would identify the responder. *See* [533] at 9-13. The Court has considered all of Plaintiffs' arguments and objections. However, in light of the requirement that the responses be provided anonymously, and that privileged or identifying responses be redacted, the Court finds the objections to be without merit. Each of Defendant's proposed questions are relevant and proportional to the needs of the case. Additionally, as described previously in Part I of this Order, Plaintiffs have ample tools at their disposal to ensure that Defendant does not receive privileged or identifying information through the claimants' discovery responses. The Court has put into place sufficient safeguards to protect each claimant's identity and privileged information, limiting, if not eliminating, the potential *in terrorem* effect that would otherwise result from U-visa discovery. The eight permitted, renumbered, questions proposed by Defendant are as follows:

> 17. State the specific facts (not the general allegations in this case) that you provided through and/or with your petition for a U-visa supporting your claim that you were a victim of criminal activity that qualifies you to receive a U- visa.
>
> 18. Separate from the allegations in this case, had you ever learned previously about the availability of a U-visa for victims of certain crimes or abuse?
>
> 19. [if answer to question # 18 is yes] When and from whom?
>
> 20. Identify each person, law enforcement agency, and/or other organization from whom you sought assistance to possibly obtain a U- visa arising out of the allegations of this case?
>
> 21. For each person, agency or other organization identified in response to the previous question, when did you seek that assistance and what type of assistance did you seek?
>
> 22. Identify each person with whom you discussed the subject of possibly obtaining a U-visa arising from the allegations in this case and the date(s) when those discussions took place.

23. Did the facts you provided through and/or with your petition for a U-visa to support your claim that you were a victim of criminal activity differ in any way from the facts you have asserted as part of this case?

24. What differences are there?

The parties, by agreement, may change the order of the 24 questions.

### III. U-visa Discovery Deadlines

The Court has set a telephonic status conference with counsel for March 29, 2018, at 1:30 PM. After conferring with counsel during the March 29 conference, the Court will enter and amended scheduling order setting new deadlines, including a deadline for completion of all U-visa discovery.

SO ORDERED, this the 20th of March, 2018.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE